IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PAMELA PENN-HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 06-0140-CV-W-REL |
| | ) |
| JOHN E. POTTER, Postmaster General, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING LEAVE TO FILE IN FORMA PAUPERIS

Before the court is plaintiff's motion for leave to proceed in forma pauperis filed on February 17, 2006. I find that plaintiff's complaint is frivolous on its face, and therefore her motion will be denied.

### Financial Qualification

Section 1915, Title 28, United States Code, states in part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor.

Along with her motion to proceed in forma pauperis, plaintiff completed a financial affidavit. Based on the information contained in that affidavit, I find that plaintiff meets the financial qualifications for in forma pauperis status.

### *Frivolous*

Local Rule 83.7 states:

> In forma pauperis status may be reviewed and rescinded by the Court at any time. Some grounds for review and recision would be if a party becomes capable of paying the complete filing fee or if the Court determines the case is frivolous, or if the Court determines that the applicant has willfully misstated information in the application for leave to proceed in forma pauperis.

See also Lucien v. Roegner, 682 F.2d 625 (7th Cir. 1982) (if action is frivolous, in forma pauperis status shall not be granted).

Applying Local Rule 83.7 to the case at hand, I find that plaintiff's case appears on its face to be frivolous.

Plaintiff has alleged that she was unlawfully discharged due to her race (African-American) and that the Postal Service retaliated against her for prior EEO activity. For the following reasons, I find that plaintiff's complaint is frivolous on its face as to both of these counts.

Racial Discrimination. In order to establish a prima facie case of racial discrimination, plaintiff must allege that she belonged to a protected class, she was qualified for her position, she was discharged, and the discharge occurred under circumstances giving rise to an inference of discrimination. Rodgers v. U.S. Bank, N.A., 417 F.3d 845, 850 (8th Cir. 2005). The last element can be established by putting forth facts that similarly-situated employees, who are not African-American, were treated differently. Id.; Wheeler v. Aventis Pharms., 360 F.3d 853, 857 (8th

2

Cir. 2004). Plaintiff and the similarly-situated employees must be "similarly-situated in all respects". Gilmore v. AT&T, 319 F.3d 1042, 1046 (8th Cir. 2003). That means that the individuals used for comparison "must have dealt with the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." Id.; Clark v. Runyon, 218 F.3d 915, 918 (8th Cir. 2000).

Plaintiff has clearly put forth facts establishing the first and third elements of racial discrimination. However, for the reasons stated below, plaintiff cannot, according to the facts outlined in her complaint, establish the second or fourth elements of racial discrimination, i.e., that she was qualified for her position and that similarly-situated employees who were not members of plaintiff's protected class were treated more favorably.

Plaintiff's EEO paperwork discusses both her disciplinary records and her affidavit listing four employees who were allegedly similarly situated but treated differently. During the two years preceding plaintiff's termination, she was issued a Letter of Warning for poor attendance, she was suspended for seven days for falsifying postal documents, she was suspended for 14 days for failure to properly scan express mail and deliver as required, she was suspended for 14 days for failure to follow instructions, and she was suspended for seven months without pay for

failure to follow instructions.  These facts seriously call into doubt plaintiff's ability to establish that she was qualified for her position.

Plaintiff identified four employees for comparison purposes.  Of those, two are black females, one is a white male, and one is a white female.  The two black females cannot be used for comparison because they are members of plaintiff's protected class.  The law requires that plaintiff show favorable treatment of similarly-situated employees who are <u>not</u> members of plaintiff's protected class.  The two white employees named by plaintiff received discipline from supervisor Debra Phillips, establishing that they were not treated differently from plaintiff.  In addition, the EEO paperwork states that Debra Phillips has disciplined 23 employees including African-American males and females, white males and females, and some employees who had previously filed EEO complaints.

<u>Retaliation</u>.  To establish a prima facie case of retaliation under Title VII, plaintiff must show that she engaged in statutorily protected activity, that her employer took an adverse employment action against her, and that there was a causal link between the two actions.  <u>Wallace v. Sparks Health System</u>, 415 F.3d 853, 858 (8th Cir. 2005).  Filing an EEO complaint  based on race discrimination is protected activity under Title VII, and plaintiff's discharge was an adverse employment action.  <u>Pope v. ESA Servs., Inc.</u>, 406 F.3d 1001, 1006 (8th Cir. 2005).  However, filing an EEO complaint does not insulate an employee from discipline.

4

Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir.), cert. denied, 528 U.S. 818 (1999). The EEO paperwork establishes that plaintiff was disciplined for poor attendance, falsifying postal documents, failure to properly scan express mail and deliver as required, and failure to follow instructions. There is nothing on the face of the complaint suggesting that any adverse employment action was taken against plaintiff due to her previous EEO activity.

### *Conclusion*

Considering plaintiff's allegations as true for purposes of this motion, I find that plaintiff's complaint is facially frivolous within the meaning of § 1915. Therefore, it is

ORDERED that plaintiff's motion to proceed in forma pauperis is denied. It is further

ORDERED that plaintiff pay the $250 filing fee no later than Monday, March 27, 2006. In the event the filing fee is not paid by March 27, 2006, this case will be dismissed for failure to prosecute.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
March 7, 2006